28 C.C.P.A. (Patents)

## In re FARNUM.

### Patent Appeal No. 4469.

Court of Customs and Patent Appeals.
June 9, 1941.

John J. Darby, of Washington, D. C., and Clair W. Fairbank, of New York City, for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming that of the examiner rejecting for want of patentability over the prior art all of the claims, 2, 5 and 8, of an application for a patent for alleged new and useful improvements in shower baths.

No appeal was taken from the rejection of claims 5 and 8. Claim 2 reads as follows: "2. In combination, a rectangular shower bath enclosure having one side open from top to bottom and having a plurality of vertical walls arranged in right angular relation to each other, a downwardly directed shower head at the upper part of said enclosure, and a seat consisting of a substantially horizontal bar extending across and spaced from a corner between two adjacent walls and supported thereon, the front edge of the seat being not substantially farther from said corner than from the center of the enclosure, and said seat being out of the path of the main portion of the spray, and permitting one to stand away from said seat while under the spray, or sit on said seat substantially out of the spray."

The references cited are: Albrecht, 1,-005,789, October 17, 1911; Swift, 1,426,-519, August 22, 1922; Laufer, 1,994,429, March 12, 1935; Peterson, et al., 2,081,-763, May 25, 1937.

The alleged invention relates to a shower bath of the square cabinet type with a curtained entrance, provided with a seat which bridges one of the corners of the cabinet and which is supported upon the walls forming the corner.

The patent to Swift discloses a circular shower bath chamber in which a seat is provided attached to the wall thereof. The seat appears to be substantially under the shower head. This patent was relied upon below as the basic reference. It is not necessary to discuss the other references as they were applied by the tribunals of the Patent Office to claims 5 and 8 which involved the structure set out in fastening the seat to the walls.

The use of a rectangular cabinet shower bath with one side open from top to bottom is old and commonly known. The sole question, therefore, before us is whether or not it required exercise of the inventive faculty to place a seat in such a shower, "the front edge of the seat being not substantially farther from said corner than from the center of the enclosure, and said seat being out of the path of the main portion of the spray, and permitting one to stand away from said seat while under the spray, or sit on said seat substantially out of the spray."

Of course, in order to be out of the spray of a shower bath in a cabinet the floor area must be sufficiently large so that the bather may step beyond the circumference of the spraying water. If the cabinet is large enough that may be done, and probably a chair placed in the corner of such a cabinet would permit the bather to sit and

soap himself or perform any of the bathing acts that may be deemed to be desirable away from the water's force. In closer quarters, however, a chair would hardly be a suitable adjunct to the bath. It might be, however, that one could more conveniently pursue his shower bathing in a shower cabinet of ordinary size if it were provided with a seat such as is disclosed by appellant. To that extent the seat would be useful. However, we do not see how it would involve invention for one to put a seat in the cabinet attached to two of its adjoining walls. Naturally, anyone with a modicum of mechanical perception and skill would, if he desired such a seat, place it so that it would be as much out of the way of the main portion of the spray as possible. This would not require much mathematical calculation.

The concept of having a seat in a shower bath is old, as shown by Swift. Therefore there can be no invention in providing a cabinet shower bath, which is concededly old, with a seat. The placing of the seat, as was done by appellant, is merely utilizing a corner space by placing therein a shelf to be used as a seat and not having the seat so wide that its outer edge may be in the path of the main portion of the spray. We cannot see anything in what appellant has done which is not obvious to almost anyone, particularly in light of the disclosure in the Swift patent.

The decision of the Board of Appeals is affirmed.

Affirmed.